Zanani v Oriska Corp. (2022 NY Slip Op 05936)

Zanani v Oriska Corp.

2022 NY Slip Op 05936

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 650494/18 Appeal No. 16511 Case No. 2021-04353 

[*1]Doron Zanani, Plaintiff-Respondent,
v
Oriska Corporation, Defendant-Appellant.

Kernan Professional Group, LLP, Oriskany (James M. Kernan of counsel), for appellant.
Doron Zanani, respondent pro se.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered April 20, 2021, which granted plaintiff's motion pursuant to CPLR 5240 for a determination that the restrained funds in defendant's bank accounts at nonparty M&T Bank Corporation are not exempt under CPLR 5222-a and directed M&T Bank to release the restrained funds to New York City Marshal Stephen W. Biegel, unanimously affirmed, without costs.
Even though the subject judgment has been satisfied, this appeal is not moot since a justiciable controversy remains that affects the rights of the parties (see Matter of Hearst Corp. v Clyne , 50 NY2d 707, 714 [1980]).
Contrary to defendant's contention, the subject bank account was not improperly restrained in satisfaction of a court-ordered judgment because the account contained proceeds from loans made to defendant corporation under the Payment Protection Program (PPP) together with funds derived from other sources. There is no legal exemption for PPP loans from garnishment. Defendant's reliance on Section 11o2(F)(i) of the Coronavirus Aid, Relief, and Economic Security Act, setting forth the "allowable uses" for PPP loans, is misplaced. By its plain terms, this provision only applies to PPP loan recipients, advising them of qualified expenses for PPP loan proceeds, not to judgment creditors (see 15 USC § 636[a][36][F][i]). The New York State Attorney General's guidance about the CARES program has no interpretive value because, at best, it concerns payment to individuals, not corporations.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022